Anna M. McCARTHY and Noel McCarthy,
Her Husband, Appellants,

v.

KROGER COMPANY, a Corporation,
Appellee.

No. 16642.

United States Court of Appeals
Third Circuit.

Argued Sept. 29, 1967.

Decided Nov. 7, 1967.

Hymen Schlesinger, Pittsburgh, Pa., for appellants.

Herman C. Kimpel, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The first named appellant fell in the cart return station area of defendant's supermarket. She was injured and sued defendant in this negligence action. The case was tried to a jury which found in favor of the defendant.

Complaint is made of the exclusion from evidence of nine photographs of other supermarket cart return areas. There was no proof of comparable conditions, etc., which might have presented reasonable bases for their admission into evidence. They were properly denied admission.

Alleged charge errors consist of the judge stating that "It is the law of Pennsylvania that merely because a person sustains injury, that does not necessarily mean that anyone is at fault or that anyone is entitled to collect damages from anyone else. The occurrence could be an accident in the true sense, something which merely happens without fault or negligence on the part of any-

one." The court went on to state that it was necessary for plaintiff to establish that her injuries had been caused by the proximate negligence of the defendant. In the context of the proofs, we find no error in the reference to "true accident". Nor do we find any valid shortcomings in connection with the instruction to the jury that " * * * it is for you to determine whether the way this parking lot was laid out and constructed did constitute any undue danger or hazard to persons using the business premises of the defendant." We find also that the charge was adequate with respect to absence of a railing. Finally, the record fails to justify the contention that the conduct of the trial judge towards wife-plaintiff deprived her of a fair trial.

The judgment of the district court will be affirmed.